UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FARON RAYMOND HAWKINS,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>GARY RANEY,<br><br>　　　　　　　Respondent. | Case No.  1:13-CV-00321-BLW<br><br>**ORDER** |

　　　　The Court earlier ordered Petitioner Faron Raymond Hawkins to notify the Court whether he wished to proceed with this action or seek a stay, because it appeared that some of his claims were not exhausted and that a potential state post-conviction remedy remained open. (Dkt. 39.) Rather than doing so, Petitioner filed a notice of appeal. (Dkt. 42.) That appeal has been dismissed for lack of jurisdiction, and Petitioner has been moved from the county jail to the state penitentiary. (Dkt. 45, 46.)

　　　　**IT IS ORDERED** that, within **30 days** after entry of this Order, Petitioner shall file one comprehensive "Second Amended Petition for Writ of Habeas Corpus," under the proper habeas corpus statute, 28 U.S.C. §2254, naming the proper respondent (the warden of the facility where Petitioner now resides). **All** of Petitioner's claims must be included in the Second Amended Petition, and, for each claim, Petitioner must state how and when each claim was exhausted through the level of the Idaho Supreme Court.

Petitioner must also state whether he has any currently pending state court actions challenging the same convictions or sentences.

Thereafter, Petitioner shall not file any addendums with additional claims, nor shall he rely on any prior-filed petitions, amendments, or addendums to state more claims, without first filing a motion seeking authorization to file a further amendment; the motion must state a description of the factual and legal basis for the claim and show that the claim has been properly exhausted in the state court system. When the Second Amended Complaint is filed, the Clerk of Court shall serve it upon L. LaMont Anderson, on behalf of Respondent (Petitioner's state custodian), at Mr. Anderson's registered ECF address.

**IT IS FURTHER ORDERED:**

1. Within **90 days** after the filing of the Second Amended Complaint, Respondent shall have the option of filing any of the following: (1) a motion for stay or for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative). If Respondent files an answer and brief, the Court first will determine the claims that were adjudicated on the merits by the Idaho Supreme Court; for any claims that appear to warrant relief or for any claims

not disposed of on the merits that appear subject to procedural defenses, the Court next will determine whether those claims are barred by any procedural defenses and will call for additional briefing, evidence, or a hearing, if necessary.

2. Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations shall be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

3. If the response to the habeas petition is an answer, Petitioner shall file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

4. If the response to the habeas petition is a motion, Petitioner's response shall be filed and served **within 30 days** after service of the motion, and Respondent's reply, if any, shall be filed and served **within 14 days** thereafter.

5. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

6. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

7. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.

8. Each party shall ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a

document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

9. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

10. Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

11. If Petitioner's custodian changes at any point during this litigation, counsel for Respondent shall file a Notice of Substitution of Respondent within 30 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.

DATED: November 12, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court