UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FARON RAYMOND HAWKINS,<br><br>      Petitioner,<br><br>v.<br><br>JAY CHRISTENSEN,<br><br>      Respondent. | Case No. 1:13-cv-00321-BLW<br><br>**ORDER** |

Pending before the Court in this habeas corpus matter are several motions filed by Petitioner Faron Hawkins and Respondent Jay Christensen. Having reviewed the motions and responses and having considered the arguments of the parties, the Court enters the following Order.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion for Counsel to be Appointed due to COVID-19 (Dkt. 242) is DENIED. Petitioner has been unable to cooperate with several appointed and retained attorneys during the course of his case and he has demonstrated the ability to protect his own interests pro se. The Court and Respondent have provided Petitioner with the appropriate standards of law in orders and briefs;

thus, Petitioner's task is to use his state court records (including those previous arguments made by his counsel during state court proceedings) to show why habeas corpus relief should be granted on the remaining claims. The Court has also provided Petitioner with a lengthy time to file a response. Appointment of counsel is not warranted.

2. Petitioner's Motion for Order to Appear Before the Court to Show Cause (Dkt. 243) is simply a repetition of arguments he has made elsewhere; he asserts that the Court should issue an order to Respondent to show cause why he should not be granted habeas corpus relief. Such a Motion is procedurally inappropriate and unnecessary in a § 2254 action. Therefore, the Motion (Dkt. 243) is DENIED.

3. Respondent's Motion for Extension of Time to File an Answer (Dkt. 248) is GRANTED. The Answer filed at Docket No. 255 is considered timely.

4. Petitioner's Motion for Sanctions against State Attorney General for Purposely Admitting and Arguing a Known Falsified, Unlawful Conviction and Knowingly Failing, Refusing to Correct It (Dkt. 249) is DENIED. Petitioner's Motion is merely an argument in support of his habeas corpus claims. Should Petitioner be entitled to relief, the Court would order Respondent to release him if the state of Idaho does not retry him within a time period certain. However, the other items of relief Petitioner requests (criminal prosecution, disbarment, and authorization to file suit against the state attorney general) are not available remedies in a habeas corpus action.

5. Petitioner's Motion for the Court to Clarify if it has Admitted Lawyer John Prior's Brief and Argument and Rule upon it or Does Petitioner Have to Re-submit the Brief and Argument to Incorporate (Dkt. 252) is GRANTED only to the extent that the Court clarifies that it will consider the brief (which focuses on merits issues) in the final merits phase of this proceeding and Petitioner need not repeat the arguments in his own briefing.

6. Petitioner's Motion for Ruling as to Clarification of Court Reviewing, Receiving, Admitting Petitioner's Claim as to State Failure to Adhere to "Proportionality Analysis" as to Conviction and Sentence of 30 Years to Life being Extremely Disproportionate in Comparison (Dkt. 253) is DENIED. This motion is a mix of another request for appointment of counsel, another claim that the Court is biased because it rules on the State's motions but not all of Petitioner's motions, and a merits argument regarding sentencing proportionality.

7. Petitioner's Motion for Ruling on State Law Being Unconstitutional Idaho Criminal Rule 5.1 (Dkt. 254) is DENIED. This is yet another argument that he should have been afforded a preliminary hearing, despite being under a grand jury indictment, found elsewhere in the record.

8. Respondent's Motion to Strike Dockets 244, 245, 249, 250, 252-54 and 252-54 (Dkt. 256) is well-taken, but is DENIED as MOOT.

9. If Petitioner intends to file a reply (formerly called a traverse) to Respondent's Answer and Brief in Support of Dismissal, it must be no more than 30 pages

and must be filed within **30 days** after entry of this Order. Thereafter, the Court will take the remaining claims under advisement on the briefing that is before the Court at that time. No further extensions will be granted.

10. Petitioner shall not file anything further in this matter other than a Reply of up to 30 pages.

11. Petitioner shall address only these claims and no others in the Reply: 33 (trial counsel failed to request a competency hearing); 38 (Sixth Amendment only); 9(E) whether the prosecutor had any written or recorded statements of Petitioner in its possession; 11(E) ineffective assistance of direct appeal counsel for failing to raise the issue of expiration of the grand jury's term before indictment; 44, whether there was a hearing with a sealed record on November 15, 2007; Claims 2 (Fourteenth Amendment due process subclaim only); 18 (trial court violated his Fourteenth Amendment due process rights by holding a sentencing hearing when Petitioner refused to yield on his choice for a defense expert and by not permitting Petitioner to select the expert of his choice); 19; 27; 28; 29; and 36 (Fourteenth Amendment only).

12. No reconsideration arguments as to other claims shall be included in the Reply. No appeal or certificate of appealability arguments as to any claims shall be included in the Reply. Further, no new or additional claims shall be included in the Reply.

13. Respondent has the option of filing a sur-reply within **21 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

14. Petitioner's Motion for Sanctions and Charges for Fraud and Perjury for State Admitting Fraudulent, Falsified Testimony and Affidavit and Failing to Answer all 63 Grounds of Petition and Motion to Have Court Notify Petitioner if He Must Re-Send 63 Grounds Not Responded to (Dkts. 259, 261) are DENIED. The Court notified the parties in the previous Order that Respondent was not required to address the claims that were summarily dismissed.

DATED: October 12, 2020

B. Lynn Winmill
U.S. District Court Judge